192 So.2d 188 (1966)
Henry E. ATTAYA et al.
v.
TOWN OF GONZALES et al.
No. 6785.
Court of Appeal of Louisiana, First Circuit.
November 21, 1966.
*189 Miriam T. Attaya, Gonzales, Gordon M. White, Baton Rouge, for appellants.
Penrose C. St. Amant, of St. Amant & Crawford, Gonzales, for appellees.
Before LANDRY, ELLIS and BAILES, JJ.
LANDRY, Judge.
This action originated as a suit by fifteen citizens of the Town of Gonzales, Ascension Parish (sometimes hereinafter referred to simply as "The Town" or "The Municipality"), wherein the numerous petitioners prayed for the issuance of a preliminary injunction prohibiting and restraining the Mayor and Board of Aldermen of said Municipality (Governing Authority) from fluoridating the municipal water supply. At one stage or another of the proceedings, the suit has been abandoned by all save one of the original petitioners, namely, Henry E. Attaya, who alone appeals the judgment of the trial court dismissing and rejecting his said demands.
We conclude our learned brother below has correctly resolved the numerous issues presented herein for determination.
In substance the petition filed herein recites that pursuant to a motion or resolution adopted August 10, 1964, the governing authority proposed to fluoridate the municipal water supply and that such intended action will damage petitioners "since it may produce certain ill effects in them" and that they "would be forced to take medicine against their will, since there is only one source of water for the people to drink." Upon the foregoing allegations petitioners prayed for judgment "decreeing the above described acts of the defendants to be injurious to plaintiffs and an impairment of their rights" and further prayed for the issuance of a preliminary injunction restraining and prohibiting the Governing Authority from proceeding with the proposed fluoridation of the municipal water supply.
The Governing Authority responded by filing exceptions of no right and no cause of action which were referred to the merits by the trial court. Apparently said exceptions have never been passed upon.
At a pre-trial conference, the lower court ruled that fluoridation of a municipal water supply was a proper exercise of the police power vested in the Governing Authority pursuant to the ruling in Chapman v. City of Shreveport, 225 La. 859, 74 So.2d 142, and limited the issue upon trial solely to the question of whether the Governing Authority acted reasonably in ordering the proposed fluoridation. The trial court also declined to permit introduction of evidence to prove or disprove the relative merits or demerits of fluoridation in general. Notwithstanding his aforesaid ruling, however, our colleague below permitted all parties to introduce into the record any and all depositions, books, pamphlets, periodicals or other literature concerning fluoridation which they desired. As as result the record contains numerous depositions in addition to a considerable volume of scientific and professional information and studies pointing out both the favorable and unfavorable aspects of fluoridation.
In substance appellant attacks the legality of the aforesaid action of the Governing Authority on two basic grounds: First, it is contended the authority for the action, a motion or resolution adopted August 10, 1964, is null, void and of not effect because of defects of form and procedure. In this regard appellant argues the motion *190 or resolution is violative of the provisions of LSA-R.S. 33:406 because (a) it was not presented to the Governing Authority in writing; (b) it was not signed by the Mayor and Clerk, and (c) it was not published or promulgated within twenty days of its adoption. Secondly, the action of the Governing Authority is assailed on constitutional grounds. In this respect counsel for appellant contends (1) The resolution was secretive, unreasonable and arbitrary; (2) The action was taken hastily without due deliberation and upon inadequate information and investigation by the Governing Authority, and (3) Fluoridation constitutes an invasion of appellant's freedom of choice guaranteed by the Fourteenth Amendment to the Constitution of the United States.
The assignment of alleged errors argued by counsel for appellant both in brief and oral argument before this court may be summarized as follows: (1) The trial court erred in concluding the motion of August 10, 1964 was valid as to form and procedure; (2) The lower court incorrectly held adoption of the motion was a valid exercise of the police power of the Municipality by declining to find the action of the Governing Authority secretive, unreasonable and arbitrary; (3) The trial court mistakenly held the action of the Governing Authority was taken after full investigation and disclosure of the subject matter of fluoridation; (4) The trial court erroneously found that fluoridation did not infringe upon appellant's constitutional guarantee of freedom of choice and consequent right to be free of enforced medication, and (5) The district tribunal incorrectly refused to permit appellant to prove his allegation that fluoridation might be harmful.
Considering first appellant's contention the motion or resolution of August 10, 1964 was invalid because of failure to follow the form and procedure prescribed by LSA-R. S. 33:406, we point out that the Municipality is chartered pursuant to the Lawrason Act (LSA-R.S. Title 33, Chapter 2, Part I, Sections 321-481, inclusive). As contended by counsel for appellant, LSA-R.S. 33:406 provides that municipal ordinances shall be presented in writing, shall be read section by section and after adoption shall be signed by the Mayor and Clerk and published within twenty days of adoption. While the record before us is not conclusive regarding the circumstances surrounding the motion or resolution attacked, we are of the opinion it preponderates in favor of the conclusion that the motion was not in fact presented to the Governing Authority in writing. The record also leaves serious doubt whether the resolution in question was properly promulgated within twenty days of its adoption. We point out also that appellant argues the action of the Municipality being legislative in nature could only be accomplished by an ordinance as distinguished from a resolution or motion.
It is unnecessary to answer any of the arguments of appellant regarding the alleged defects in form attributed to the motion or resolution of August 10, 1964. We find in the record an ordinance adopted by the Governing Authority on May 24, 1965, ordering controlled fluoridation of the municipal water supply by directing the Utilities Manager to adjust its fluoride content to the level of one part of fluoride per million parts of water as recommended by the Louisiana State Board of Health and maintain said ratio by periodic addition of such quantities of fluoride as may be necessary.
Not only has counsel for appellant failed to attack the ordinance of May 24, 1965, but also the record reveals beyond doubt said ordinance was eminently proper as to form and was duly promulgated, all in strict accordance with the provisions of the controlling statute LSA-R.S. 33:406. Consequently, we hold that the question of validity of the motion or resolution of August 10, 1964, has been rendered moot by adoption of the ordinance approved May 24, 1965. Since there exists upon the records of the Municipality an ordinance valid as to form covering the subject matter of *191 this litigation any comment by this court upon the alleged invalidity of a prior motion or resolution would be pure obiter dictum.
Adverting now to appellant's attack on the ordinance upon constitutional grounds, we initially note that the Supreme Court of this state in Chapman v. City of Shreveport, 225 La. 859, 74 So.2d 142, has expressly held fluoridation of a municipal water supply bears a reasonable relation to the general welfare and health of the citizens of the community and as such constitutes a valid exercise of the police powers vested in municipalities pursuant to Louisiana Constitution of 1921, Article 14, Section 37.
Counsel for appellant acknowledges the authority of the municipality to exercise its police powers but contends that nevertheless such powers cannot be exercised secretively, unreasonably or arbitrarily upon authority contained in Town of Jonesville v. Boyd, 161 La. 278, 108 So. 481 and State ex rel. Galle v. City of New Orleans, 113 La. 371, 36 So. 999, 67 L.R.A. 70. On this premise it is argued the action of the Governing Authority in enacting both the motion of August 10, 1964, and the ordinance of May 24, 1965, are invalid because they were adopted without notice to the public and without sufficient information or investigation to enable the Governing Authority to intelligently consider the subject matter.
Our careful consideration of the voluminous testimony appearing in the record shows that appellant's foregoing contention is without foundation. It conclusively appears that fluoridation of the Town's water supply was a plank in the campaign platform of the Mayor and at least one of the present Aldermen in the election which preceded by some months adoption of the resolution or motion of August 10, 1964. Likewise it is shown that on one occasion a full page advertisement was run in the local paper at the expense of certain citizens extolling the virtues of fluoridation and urging fluoridation of the municipal water supply as a health measure. Further, it appears that, preceding adoption of the August 10th resolution, the Mayor and members of the Board of Aldermen attended a meeting of the Lions Club of Gonzales, a civic organization, at which one of the club members, Dr. Doyle F. Philippe, D.D. S., showed two movies which in some degree detailed the cases of both the proponents and opponents of fluoridation. On this occasion Dr. Philippe personally discussed fluoridation and recommended its adoption for the Town of Gonzales.
At the August 10, 1964 meeting, Dr. Philippe appeared in person and urged the Governing Authority to proceed with the proposed fluoridation project. He presented the Governing Authority a document containing the written approval and endorsement of fluoridation by every physician, dentist and pharmacist then practicing in the area. In addition, Dr. Philippe submitted for consideration by the Governing Authority a voluminous amount of literature consisting of documents, pamphlets, studies and reports of various organizations, some of which favored, endorsed and recommended fluoridation while others condemned and opposed the practice. The literature of record discloses that among those organizations favoring and recommending fluoridation of public water supplies may be found, inter alia, The American Dental Association, The American Nurses Association, The American Hospital Association, all branches of the United States Armed Services, The Louisiana State Board of Health and the United States Department of Public Health, Education and Welfare. Certain literature of the American Medical Association appearing in the record discloses the policy of said organization to be that whereas it considers fluoridation beneficial to public health, nevertheless it neither recommends nor disapproves fluoridation of public water supplies.
As appears from both his testimony and deposition of record herein, Dr. Philippe *192 quite frankly advised the Governing Authority that fluoridation was a controversial subject. He further declared that based on research which involved consideration of literature both pro and con the subject, he was of the firm opinion there was no sound basis for opposition and that fluoridation would benefit the residents of the community, especially the youth for whom fluoridation would mean less dental cavities.
Under the circumstances it can hardly be said the action of appellee was secretive, arbitrary, capricious or unreasonable. Granted the subject of fluoridation is controversial as hereinbefore shown, such circumstance alone does not prohibit the Governing Authority of a municipality from decreeing fluoridation of its water supply.
Appellant's argument that fluoridation infringes upon his constitutional guarantee of freedom of choice as insured by the Fourteenth Amendment to the Federal Constitution in that it results in enforced medication is answered by the following in Chapman v. City of Shreveport, supra:
"Appellees contend that it is arbitrary and unreasonable to compel a person to submit to the taking of preventive medicine except for the purpose of controlling the spread of contagious or infectious diseases. Their argument is not entirely appropriate to the instant case. In the first place there is no direct compulsion on anyone to drink the water. The compulsion at most is an indirect one, but it cannot be questioned, of course, that the fluoridation is undertaken with the view that the citizens or a large majority of them will receive its benefits by drinking the public water. The witnesses from the dental profession considered that the addition of fluoride to the water was not medicating it in the generally accepted sense, but was adding to it one of the mineral properties found naturally in water in some sections of the country."
We note similarity between the case at bar and that of Chapman v. City of Shreveport, supra, to the effect that the degree of fluoridation decreed in each instance is identically the same, namely, one part fluoride to one million parts water. Further likeness is to be found in the circumstance that in each instance the petitioner alleged merely that fluoridation "may" be harmful and that there was no specific averment that fluoridation was in fact harmful.
The remaining contention of appellant is that the trial court erred in declining to permit proof of his allegation that fluoridation might be harmful to his physical welfare.
The ordinance in question is entitled "An ordinance to promote the health, safety, convenience and general welfare of the inhabitants of the Town of Gonzales, State of Louisiana, by providing for the adjustment of the fluoride content of the municipal water supply for the purpose of reducing the incidence of dental caries."
Chapman v. City of Shreveport has settled the question that fluoridation of a municipal water supply is a legitimate exercise of the police power vested in a municipal governing authority. It is also settled law that courts are hesitant to interfere with or control any legislative body in the exercise of its lawful police powers. In this area the courts have historically recognized that a wide latitude exists in legislative bodies at all levels of government to determine the necessity for protecting the health, safety and general welfare of the people. West Coast Hotel Company v. Parrish, 300 U.S. 379, 57 S.Ct. 578, 81 L. Ed. 703, and the numerous cases therein cited. That our own state follows this same general rule is evident from the following language appearing in Chapman v. City of Shreveport, 225 La. 859, 74 So.2d 142:
"There is no merit in appellees' argument that, if the city charter grants to the city council of Shreveport authority to fluoridate its water supply, such action *193 to that extent is a violation of the Fourteenth Amendment of the United States Constitution. The Fourteenth Amendment does not deprive a state or its subdivisions of the right to preserve order or to protect the health of the people under its police power, and in the exercise of its power the legislative branch may interfere with and impair the individual liberty of the citizens in a manner and to an extent reasonably necessary for the public interest, and the courts will not interfere except where the measures invade fundamental rights or are arbitrary, oppressive, or unreasonable. This is not a proper case for judicial interference. See Cooley on Constitutional Law (4th ed.), p. 289; 2 Cooley's Constitutional Limitations (8th ed.), pp. 1223 et seq.; Jacobson v. Com. of Massachusetts, 197 U.S. 11, 25 S.Ct. 358, 49 L.Ed. 643; State v. McCormick, 142 La. 580, 77 So. 288, L.R.A.1918C, 262."
Granted some of the literature appearing of record does contend that fluoridation may be harmful, nevertheless we are convinced, as were the members of the Governing Authority, that the overwhelming weight of the evidence establishes the contrary and shows that the public has nothing to fear from fluoridation. That fluoridation may be a controversial subject does not in itself justify the court substituting their judgment for that of the legislative body. The merits or demerits of the subject, in the absence of a clear showing of abuse of discretion, unreasonableness or capriciousness on the part of the legislative body, is solely within the province of the Governing Authority. Furthermore, conceding the wisdom of legislative choice may be questionable with respect to a debatable or controversial issue, again such circumstance does not justify judicial interference with the legislative choice absent a clear abuse of legislative discretion or a showing of arbitrariness or unreasonableness on the part of the legislative body. We believe the foregoing principle peculiarly applicable in the instant case because appellant herein does not argue that fluoridation IS HARMFUL but merely that he has the right to establish that it MAY BE harmful. An adverse determination having been made by the Governing Authority after what we deem a reasonable and proper study, investigation and consideration of the subject matter by the legislative body concerned, this court is unable to find that the Governing Authority exceeded its police powers or acted either unreasonably, arbitrarily or capriciously. Chapman v. City of Shreveport, supra.
Accordingly, the judgment of the trial court is affirmed at appellant's cost.
Affirmed.