**OPINION OF THE JUSTICES of the Supreme Court in Response to Question Propounded by the Governor of Delaware.**

Supreme Court of Delaware.

May 29, 1968.

To His Excellency Charles L. Terry, Jr. Governor of Delaware.

Reference is made to your letter of May 21, 1968, addressed to the Chief Justice, requesting the opinion of the members of the Supreme Court upon the constitutionality of House Bill No. 166 as amended by Senate Amendment No. 1 of the 126th General Assembly, presently before you for consideration.

You have submitted to us a copy of House Bill No. 166 as amended by Senate Amendment No. 1. This Bill amends 16 Del.C. § 122(3) (C), dealing with the powers and duties of the State Board of Health, by striking the semicolon at the end of said subparagraph (C) of subsection (3) and inserting in lieu thereof a comma and the following additional language:

"and further provide for the fluoridation of all water supplies which are furnished to and used by the public, excepting, however, such water supplies sold by bottle or similar container."

The precise question upon which you have requested our opinion reads as follows:

"In view of the limitations placed on the State Board of Health by Article 12, Section 1, of the Delaware Constitution which gives them 'supervision of all matters relating to public health,' can their present powers be enlarged to include providing 'for the fluoridation of all water supplies which are furnished to and used by the public, excepting, however, such water supplies sold by bottle or similar container,' where fluoridation may not be essential to the public health and is not necessary for the sanitary protection of public water supplies?"

As indicated in your question, this amendment to 16 Del.C. § 122(3) (C) will give the State Board of Health the power to fluoridate local water supplies. We are

asked to determine if this power is one which the General Assembly can confer upon the State Board of Health.

■ The powers and duties of the State Board of Health are to be prescribed by the General Assembly according to Article 12, Section 1 of the Delaware Constitution, Del.C.Ann. The only limitations upon the General Assembly in so prescribing are that these powers and duties must relate to the public health and be within the police power of the State.

■ The police power in Delaware is both comprehensive and vague. Appeal of Blackstone, 8 W.W.Harr. 230, 190 A. 597 (1937). The test of the constitutionality of its exercise is whether the end result and the method adopted bear a reasonable relation to the public health, safety, morals or general welfare. All doubts are resolved in favor of the challenged statute. Wilmington Parking Authority v. Ranken, 34 Del.Ch. 439, 105 A.2d 614 (1954).

While the question of whether or not fluoridation is within this police power is one of first impression in Delaware, the question has been extensively litigated in other jurisdictions. In this litigation, fluoridation has been attacked on the following grounds:

1. It is unsafe.

2. It is outside the police power because it does not combat infectious disease and is not an emergency measure.

3. It is a violation of equal protection because it only aids children under 12 years of age.

4. It is the unauthorized practice of medicine.

5. It violates freedom of religion.

■ The courts have uniformly held that fluoridation of water is a reasonable and proper exercise of the police power in the interest of the public health. Schuringa et al. v. City of Chicago, 30 Ill.2d 504, 198 N.E.2d 326 (1964) cert. denied 379 U. S. 964, 85 S.Ct. 655, 13 L.Ed.2d 558; De Aryan v. Butler, 119 Cal.App.2d 674, 260 P.2d 98 (1953) cert. denied 347 U.S. 1012, 74 S.Ct. 863, 98 L.Ed. 1135; Chapman v. City of Shreveport, 225 La. 859, 74 So.2d 142 (1954) app. dismissed 348 U.S. 892, 75 S.Ct. 216, 99 L.Ed. 701; Dowell v. City of Tulsa, 273 P.2d 859, 43 A.L.R.2d 445 (Okl.1954) cert. denied 348 U.S. 912, 75 S. Ct. 292, 99 L.Ed. 715; Kraus v. City of Cleveland, 163 Ohio St. 559, 127 N.E.2d 609 (1955) app. dismissed 351 U.S. 935, 76 S.Ct. 833, 100 L.Ed. 1463; Paduano v. City of New York, 45 Misc.2d 718, 257 N.Y.S. 2d 531 (1965) cert. denied 385 U.S. 1026, 87 S.Ct. 754, 17 L.Ed.2d 674; Attaya v. Town of Gonzales, 192 So.2d 188 (La. App.1966); Hall v. Bates, 247 S.C. 511, 148 S.E.2d 345 (1966).

■ Consequently, we adopt the unanimous reasoning of courts which have decided this issue. Our answer to the question stated above is, therefore, in the affirmative.

Respectfully submitted,
DANIEL F. WOLCOTT
Chief Justice

JAMES B. CAREY

DANIEL L. HERRMANN
Justices