**Charles E. TACKETT, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted March 10, 1980.

Decided June 17, 1980.

Theodore F. Sandstrom (argued), Wilmington, for defendant below, appellant.

Stephen M. Walther, Deputy Atty. Gen. (argued), Wilmington, for plaintiff below, appellee.

Before DUFFY, McNEILLY and HORSEY, JJ.

PER CURIAM:

Following a jury trial defendant was convicted of receiving stolen property (11 Del.C. § 851), possession of a motor vehicle with a removed certification sticker (21 Del.C. § 6709) and possession of a motor vehicle with knowledge that vehicle identification number is falsified with intent to misrepresent identity (21 Del.C. § 6705(d)). Those convictions were appealed by defendant who assigns three errors to the proceedings below; viz:

(1) The Trial Court's denial of defendant's motion for a hearing to challenge the affidavit supporting the search warrant issued to search the vehicle in question was improper;

(2) 21 Del.C. § 6709 is unconstitutionally vague as applied to defendant; and

(3) 21 Del.C. § 6705(d) is unconstitutionally vague as applied to defendant.

Defendant raises specific challenges to paragraphs (A) and (F) of the affidavit and asserts that under Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) (decided after the denial of his request for a suppression hearing) he has a right to challenge the affidavit. We need not decide whether the rule of Franks requires retroactive application, since we are convinced that even with the challenged portions of the affidavit excised, it is clear that the affidavit contains sufficient uncontested information to support a finding of probable cause. Franks v. State, Del.Supr., 398 A.2d 783 (1979).

Defendant's second challenge is that the motor vehicle statutes under which he was charged and convicted, 21 Del.C. § 6705(d) and § 6709, are unconstitutionally vague. The standard for judging the certainty of a criminal statute is whether it is specific enough to give notice to a person of ordinary intelligence of the conduct prohibited. United States v. Harriss, 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1954), State v. J.K., Del.Supr., 383 A.2d 283 (1977).

Defendant's argument is without merit as to both of these sections. Section 6705(d) of Title 21 clearly comports with constitutional standards of specificity in that it unambiguously describes both the

conduct prohibited and the requisite states of mind.

Defendant's claim that 21 *Del.C.* § 6709 is so vague as to sweep into its ambit innocent parties is irrelevant, since we must only consider the vagueness challenge in the light of the facts of this case. *Wright v. State*, Del.Supr., 405 A.2d 685 (1979). In this case (a) the indictment charged that defendant knew of the altered vehicle identification numbers; (b) defendant was in the auto repair business and a former employee of a major automaker, giving rise to a fair inference that he was familiar with confidential vehicle identification numbers; and (c) defendant's knowledge that the VIN's had been altered was charged and proven. As applied to the facts of this case and this defendant, § 6709 is clearly specific enough to give notice of the proscribed conduct and is not unconstitutional.

Affirmed.