**Terrance A. GLENDON, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted on Briefs: April 25, 1982.

Decided: May 17, 1983.

Lawrence I. Levinson, Wilmington, for defendant below, appellant.

William L. George, Jr., Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before McNEILLY, HORSEY and MOORE, JJ.

McNEILLY, Justice:

Following a jury trial, defendant was found guilty as an accomplice under 11 *Del.C.* § 271, of the crime of fraudulent delivery of a non-controlled substance in violation of 16 *Del.C.* § 4752A.[1]

---

1. 11 *Del.C.* § 271 provides:

   A person is guilty of an offense committed by another person when:

   (1) Acting with the state of mind that is sufficient for commission of the offense, he causes an innocent or irresponsible person to engage in conduct constituting the offense; or

   (2) Intending to promote or facilitate the commission of the offense he:

In November 25, 1981 two Wilmington undercover police officers met the defendant and Richlyn Reeves as part of a prearranged drug deal. Defendant and Reeves were waiting in a black 1968 Lincoln that defendant had borrowed from a friend. As the undercover officer approached the car at the prearranged location, defendant opened the front door of the car. Defendant sat between Reeves and the undercover officer, who stood outside the car during the transaction. A conversation ensued in which the undercover officer expressed his interest in buying Methamphetamine or "Crank". Reeves removed a small container containing a white or tannish-colored substance and handed it to the undercover officer. It was later determined that the substance in the container was counterfeit and not a drug. Upon receiving the container the undercover officer handed two marked bills to the defendant, a twenty dollar bill and a five dollar bill.

Immediately after the transaction the defendant, followed by the police, drove to a gasoline station where gasoline was purchased. After exiting the gasoline station the defendant and Reeves were arrested. While the marked twenty dollar bill was found on Reeves, the five dollar bill was not found. The only place it could have been spent was at the gasoline station.

■■■ Defendant's first contention is that there is insufficient evidence to sustain his conviction, in that the State failed to establish that defendant had actual or constructive possession of the "drugs" and the State failed to prove any intent by the defendant to facilitate the illegal transaction. In that defendant's liability is based on § 271 the State was not required to show defendant's possession of the "drugs" as long as it proved that the defendant intended to aid or facilitate the principal's conduct. *See Hooks v. State,* Del.Supr., 416 A.2d 189, 197 (1980); *Martin v. State,* Del.

a. Solicits, requests, commands, importunes or otherwise attempts to cause the other person to commit it; or

b. Aids, counsels or agrees or attempts to aid the other person in planning or committing it; or

c. Having a legal duty to prevent the commission of the offense, fails to make a proper effort to do so; or

(3) His conduct is expressly declared by this Criminal Code or another statute to establish his complicity.

Nothing in this section shall apply to any law-enforcement officer or his agent while acting in the lawful performance of his duty.

16 *Del.C.* § 4752A. provides:

(a) It is unlawful for any person to knowingly deliver or attempt to deliver a noncontrolled substance upon either:

(1) The express or implied representation that the substance is a narcotic or nonnarcotic controlled substance; or

(2) The express or implied representation that the substance is of such nature or appearance that the recipient of said delivery will be able to distribute said substance as a controlled substance;

(3) It is prima facie evidence of the implied representation referred to in paragraphs (1) and (2) of this subsection if any 2 of the following factors are established:

a. The noncontrolled substance was packaged in a manner normally used for the illegal delivery of controlled substances;

b. The delivery or attempted delivery included an exchange of or demand for money or other valuable property as consideration for delivery of the substance, and the amount of such consideration was substantially in excess of the reasonable value of the noncontrolled substance;

c. The physical appearance of the finished product containing the substance is substantially identical to a specific controlled substance.

(b) In any prosecution for unlawful delivery of a noncontrolled substance, it is no defense that the accused believed the noncontrolled substance to actually be a controlled substance.

(c) Unlawful delivery of a noncontrolled substance is a felony. The punishment upon conviction under this section shall be governed by those provisions of this Code dealing with delivery of controlled substances. Specifically, the section prohibiting delivery of the controlled substance, which the defendant represented the noncontrolled substance to be, shall govern the punishment in each case. If no express or implied representation was made as to the identity of the controlled substance, the punishment shall be the same as for the delivery of a nonnarcotic controlled substance. However, the punishment provision of § 4751(b) of this title shall not apply to this section.

Supr., 433 A.2d 1025, 1029 (1981). When the above facts are viewed in a light most favorable to the State, we conclude that there is sufficient evidence in the record to enable a rational trier of fact to conclude beyond a reasonable doubt that defendant intended to aid or facilitate Richlyn Reeves' conduct. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Winborne v. State,* Del.Supr., 455 A.2d 357 (1982).

Defendant's second contention in support of his appeal is that 16 *Del.C.* § 4752A is unconstitutional as violating the Due Process Clause of the Fourteenth Amendment of the United States Constitution and Article 1, § 7 of the Delaware Constitution. Defendant argues that § 4752A does not bear any real or substantial relationship to the goal of eradicating improper traffic in drugs, and moreover the statute is unconstitutionally vague in that there is no definition of "fraudulent delivery" or "non-controlled substance".

The test of the constitutionality of an exercise of the police power is whether the end result and the method adopted bear a reasonable relation to the public health, safety, morals or general welfare. All doubts are resolved in favor of the challenged statute. *State v. Hicks,* Del.Super., 360 A.2d 150, 152 (1976), aff'd 373 A.2d 205 (1977); *Opinion of the Justices of the Supreme Court,* Del.Supr., 243 A.2d 716, 717 (1968). The instant statute bears a rational relationship to the public health, safety, morals or general welfare. To quote a California court which had occasion to discuss that State's version of § 4752A:

> "Anything which gives sustenance, solace, comfort, or encouragement in the selling of narcotics or in the agreeing to sell narcotics, can be condemned, and properly so, by the legislature.... The aim of the statute is not to proscribe fraudulent narcotics traffic but rather to prohibit anyone from appearing to engage in narcotics traffic." *People v. Medina,* Cal.App., 27 Cal.App.3d 473, 103 Cal. Rptr. 721, 723–24 (1972).

Turning to defendant's vagueness argument we find it to be without merit. The standard for judging the certainty of a criminal statute is whether it is specific enough to give notice to a person of ordinary intelligence of the conduct prohibited. *United States v. Harriss,* 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1954); *Tackett v. State,* Del.Supr., 416 A.2d 1225, 1226 (1980). The definition of "controlled substance" is found in 16 *Del.C.* § 4701(5) and a detailed list of controlled substances appears in 16 *Del.C.* § 4717 through 4722. A reading of these sections leads us to conclude that any person of ordinary intelligence would be on notice that a "non controlled substance" is any substance which is not included in the specific definition of "controlled substance". As for "fraudulent delivery" we can simply find no language in § 4752A(a) which is vague. Our reading of § 4752A(a) leads us to conclude that the language is plain and properly puts a person of ordinary intelligence of what activity constitutes fraudulent delivery when it states:

(a) It is unlawful for any person to knowingly deliver or attempt to deliver a noncontrolled substance upon either:

(1) The express or implied representation that the substance is a narcotic or nonnarcotic controlled substance; or

(2) The express or implied representation that the substance is of such nature or appearance that the recipient of said delivery will be able to distribute said substance as a controlled substance;

(3) It is prima facie evidence of the implied representation referred to in paragraphs (1) and (2) of this subsection if any 2 of the following factors are established:

a. The noncontrolled substance was packaged in a manner normally used for the illegal delivery of controlled substances;

b. The delivery or attempted delivery included an exchange of or demand for money or other valuable property as consideration for delivery of the sub-

stance, and the amount of such consideration was substantially in excess of the reasonable value of the noncontrolled substance;

c. The physical appearance of the finished product containing the substance is substantially identical to a specific controlled substance.

For the above stated reasons the judgment of the Superior Court is

AFFIRMED.