468 So.2d 1151 (1985)
STATE of Louisiana
v.
Brent LUDWIG.
No. 83-KA-1387.
Supreme Court of Louisiana.
May 14, 1985.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William R. Campbell, Jr., Asst. Dist. Atty., Eric A. Dubelier, Asst. Dist. Atty., for plaintiff-appellant.
M. Chadwick Pellerin, New Orleans for defendant-appellee.
DENNIS, Justice.
The state appeals from a district court judgment declaring unconstitutional an obscenity statute which prohibits the intentional public exposure of genitals. The district court concluded that the penalty provisions *1152 of the statute deny equal protection of laws and authorize excessive punishment by their failure to distinguish between non-commercial exposures and obscenity for commercial gain. We reverse. The classification of offenders established by the statute is not unreasonable. The statutory range of penalties is in reasonable alignment with the offender classification.
Defendant, Brent Ludwig, was charged with obscenity by intentionally exposing his penis in a public park. La.R.S. 14:106(A)(1). Defendant successfully moved to declare the statute unconstitutional and quash the bill of information. The state appealed from the declaration of unconstitutionality. La. Const., art. 5 § 5(D).
The statute does not violate the equal protection clause of either the state or the federal constitution. Statutory classifications which are not arbitrary, bearing a rational relationship to a legitimate state interest, are permissible unless they impinge on fundamental rights or construct a suspect class. Bazley v. Tortorich, 397 So.2d 475 (La.1981); State v. Petrovich, 396 So.2d 1318 (La.1981); State v. Bonano, 384 So.2d 355 (La.1980); State v. Nettles, 375 So.2d 1339 (La.1979).
The elimination of publicly displayed hard core sexual conduct is a legitimate state purpose. The classification of persons who commit such acts of obscenity as offenders deserving of punishment is reasonably related to that purpose. The inclusion of violators who expose themselves gratuitously with those who expose themselves for commercial gain within the offender class does not offend equal protection guarantees. The state's interest in curbing both types of activity is sufficiently strong and its means of doing so is rational. The classification is not arbitrary, does not impinge on fundamental rights and does not establish a suspect class.
Our state constitution offers explicit protection against excessive punishment, La. Const. art. 1 § 20, and permits us to determine both whether the range of sentences authorized by a criminal statute is excessive and whether the sentence of a particular offender is excessive, though within the statutorily prescribed range. State v. Guarjardo, 428 So.2d 468 (La. 1983). Because he has not yet been convicted or sentenced, defendant attacks only the facial constitutionality of the penalty structure.
When considering whether the range of sentences authorized is excessive, the relevant factors are the nature of the offense, the statutory range of sentences for other offenses, the range of sentences provided by the statutes of other jurisdictions for the same or similar crimes, and the legislative purpose behind the punishment. State v. Telsee, 425 So.2d 1251 (La. 1983).
The offense of which defendant is accused consists of the intentional exposure of the genitals, pubic hair, anus, vulva, or female breast nipples in any public place or place open to the public view with the intent of arousing sexual desire or which appeals to prurient interest or is patently offensive. La.R.S. 14:106(A)(1). The purpose of the statute is to protect individuals and the general public environment from exposure to hard core sexual conduct. At the time of the defendant's alleged offense in 1982, a first conviction was punishable by a fine of not less than one thousand dollars nor more than two thousand five hundred dollars, or imprisonment, with or without hard labor, for not less than six months, or both. La.R.S. 14:106(G)(1) (as amended through 1981 Act. No. 159 § 1). The statute did not exclude the benefit of probation, parole or suspension of sentence.
The statute's penalty for obscenity is consistent with the overall legislative scheme evidenced by the penalties for other sex offenses affecting the public morality. In contrast with simple battery, La. R.S. 14:35, sexual battery is a felony with a maximum penalty of ten years at hard labor. La.R.S. 14:43.1. Carnal knowledge of *1153 a juvenile carries a sentence of imprisonment for not more than ten years, with or without hard labor. La.R.S. 14:80. Crime against nature has a maximum penalty of five years at hard labor and a two thousand dollar fine. La.R.S. 14:89. Pornography involving juveniles has a mandatory minimum sentence of two years at hard labor without benefit of parole, probation, or suspension of sentence. The maximum sentence for pornography involving juveniles is a ten thousand dollar fine and ten years at hard labor without benefit of parole, probation, or suspension of sentence. La.R.S. 14:81.1.
In light of the sentences for these offenses, it is clear that the legislature consistently provides more severe sentences for offenses involving offensive sexual conduct which is especially harmful to both the individual victims and the general public environment. When compared to the penalties for other sex offenses the penalty for obscenity does not appear excessive. The punishment for obscenity is less severe than for other sex offenses, presumably because violence or physical contact is not necessarily involved.
The remaining consideration is the range of sentences provided by the statutes of other jurisdictions for the same and or a similar crime as that of which the defendant is accused. In most states a distinction is made between indecent exposure or public lewdness, such as the acts the defendant has allegedly committed, and the distribution or display of materials depicting hard core sexual conduct.[1] In several states the maximum period of imprisonment for indecent exposure or its equivalent is less than six months.[2] In most states it is less than a year.[3] Moreover, most other states classify indecent exposure as a misdemeanor rather than a felony.[4] It should be noted, however, that many of these states have classes or degrees of misdemeanors which allow more severe treatment even though an offense is classified as a misdemeanor.[5] Finally, most states do not specifically provide higher sentences for repeated violations of the indecent exposure law.[6]
It is clear, therefore, that the judgment of other state legislatures is that the penalty range for the conduct of which the defendant is accused should be less than the penalty range Louisiana provides. The range of sentences provided by other states is an important consideration, but this single factor is not determinative. Louisiana's penalty is more severe than the penalty in other states in that the Louisiana statute has a maximum period of imprisonment *1154 of three years, it creates a felony, and it provides higher penalties for repeat offenders. In part this deviation from the norm is explained by the treatment under one statute of numerous types of offensive sexual conduct affecting public morality. The broad scope of the statutecovering "flashing," obscene live performances, and the distribution or display of obscene films or literaturejustifies a greater range of sentences and correspondingly a higher maximum. The large number of situations covered are likely to give rise to particularly egregious offenses and offenders where the trial court may need the discretion to impose a higher sentence. In addition the classification of obscenity as a felony is explained in part by the fact that Louisiana does not have classes or degrees of misdemeanors.
For all of the above reasons we conclude that the range of penalties provided by the obscenity statute at the time of the defendant's alleged offense is not excessive. The nature of the offense, the range of penalties for other offenses, the legislative purpose, and the penalty given in other jurisdictions, when considered cumulatively, indicate that the penalties provided contribute to acceptable goals of punishment and are not grossly out of proportion to the severity of the offense in general. Of course, our conclusion that the range of sentences provided by the statute is not unconstitutional does not preclude a decision that a specific sentence under the statute is unconstitutionally excessive.
The judgment of the trial court declaring the state unconstitutional and granting the motion to quash is reversed. The case is remanded for further proceedings.
REVERSED; REMANDED.
NOTES
[1] The following statutes distinguish indecent exposure from commercial obscenity, impose a maximum period of imprisonment of one year or less, classify the offense as a certain degree of misdemeanor, and do not specifically impose increased penalties for repeat violators of the indecent exposure statute: Ala.Code §§ 13A-6-68, 13A-12-130, 13A-5-7; Alaska Stat. §§ 11.41.460, 12.55.135; Ark.Stat.Ann. §§ 41-1812, 41-901; Colo.Rev.Stat. §§ 18-7-302, 18-1-106; Conn.Gen.Stat.Ann. §§ 53a-186, 53a-36; Del. Code Ann. tit. 11, §§ 1341, 4206; Fla.Stat.Ann. §§ 800.03, 775.082; Hawaii Rev.Stat. §§ 707-738, 712-1217, 706-663; Ill.Ann.Stat. ch. 38, §§ 11-9, 1005-8-3; Ind.Code Ann. §§ 35-45-4-1, 35-50-3-2; Iowa Code Ann. §§ 709.9, 903.1; Kan.Stat.Ann. §§ 21-3508, 21-4502; Ky.Rev. Stat. §§ 510.150, 532.090; Mo.Ann.Stat. §§ 566.130, 558.011; Neb.Rev.Stat. §§ 28-806, 28-106; N.J.Stat.Ann. §§ 2C:14-4, 2C:43-8; N.M.Stat. Ann. §§ 30-9-14, 31-19-1; N.Y.Penal Law §§ 245.00, 70.15; N.D.Cent.Code §§ 12.1-20-12.1, 12.1-32-01; Ohio Rev.Code Ann. §§ 2907.09, 2929.21; Or.Rev.Stat. §§ 163.465, 161.615; S.D. Codified Laws Ann. §§ 22-24-1, 22-6-2; Tex.Penal Code Ann. §§ 42.01, 12.23; Utah Code Ann. §§ 76-9-702, 76-3-204; Va.Code §§ 18.2-387, 18.2-11; Wash.Rev.Code Ann. §§ 9A.88.010, 9A.20.020; Wis.Stat.Ann. §§ 944.20, 939.51.
[2] Conn.Gen.Stat.Ann. §§ 53a-186, 53a-36; Del. Code Ann. tit. 11, §§ 1341, 4206; Hawaii Rev. Stat. §§ 707-738, 712-1217, 706-663; Kan.Stat. Ann. §§ 21-3508, 21-4502; Ky.Rev.Stat. §§ 510.150, 532.090; Neb.Rev.Stat. §§ 28-806, 28-106; N.J.Stat.Ann. §§ 2C:14-4, 2C:43-8; N.D. Cent.Code §§ 12.1-20-12.1, 12.1-32-01; Ohio Rev.Code Ann. §§ 2907.09, 2929.21; S.D.Codified Laws Ann. §§ 22-24-1, 22-6-2; Tex.Penal Code Ann. §§ 42.01, 12.23; Utah Code Ann. §§ 76-9-702, 76-3-204; Wash.Rev.Code Ann. §§ 9A.88.010, 9A.20.020.
[3] See statutes cited in footnote 1.
[4] See statutes cited in footnote 1.
[5] See statutes cited in footnote 1.
[6] See statutes cited in footnote 1.