1 .CARTER, C.J.
The defendant, Steve A. Durand, was charged by bill of information with one count of obscenity, a violation of LSA-R.S. 14:106 A(l), and pled not guilty. Following a bench trial, he was found guilty as charged. He moved for a new trial and post-verdict judgment of acquittal, but the motions were denied. He was sentenced to eighteen months at hard labor, suspended, and two years probation subject to certain general and special conditions. He now appeals, designating one assignment of error.

*74
SUFFICIENCY OF THE EVIDENCE

In his sole assignment of error, the defendant contends the trial court erred by finding any exposure by the defendant occurred in a “place open to the public view” within the meaning of LSA-R.S. 14:106 A(l).
The standard of review for sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude the State proved the essential elements of the crime and the defendant’s identity as the perpetrator of that crime beyond a reasonable doubt. In conducting this review, we also must be expressly mindful of Louisiana’s circumstantial evidence test, which states in part, “assuming every fact to be proved that the evidence tends to prove,” every reasonable hypothesis of innocence is excluded. LSA-R.S. 15:438; State v. Wright, 98-0601, p. 2 (La.App. 1st Cir.2/19/99), 730 So.2d 485, 486, writs denied, 99-0902 (La.10/29/99), 748 So.2d 1157 and 2000-0895 (La.11/17/00), 773 So.2d 732. When a conviction is based on both direct and circumstantial evidence, the reviewing court must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and the facts reasonably inferred from the circumstantial evidence must be sufficient for a rational juror to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. Wright, 730 So.2d at 487.
As is pertinent hereto, the crime of obscenity is the intentional “[ejxposure of the genitals, ... in any ... place open to the public view with the intent of arousing sexual desire or which appeals to prurient interest or is patently offensive.” LSA-R.S. 14:106 |3A(1)3. The purpose of the statute is to protect individuals and the general public environment from exposure to hard core sexual conduct. State v. Ludwig, 468 So.2d 1151, 1152 (La.1985).
At trial, the defense submitted the case for judgment on the basis of the police report and an audio tape of the offense. The State introduced the police report and the audiotape into evidence and offered a stipulation that if Deputy Lubrano were called to testify, he would testify the vehicle in which the offense occurred had untinted windows. The defense agreed to stipulate that Deputy Lubrano would testify as the State indicated, but did not accept the substance of Deputy Lubrano’s stipulated testimony.
The police report detailed a St. Tammany Parish Sheriffs Office operation called “Scenic Area Clean-Up.” The operation was conducted in the scenic area of an Interstate-12 rest area on December 28-29, 1999. At approximately 11:45 p.m., Deputy Lubrano, working in an undercover capacity and wearing an audio monitoring device, was approached by the defendant as the deputy was standing outside of an unmarked police vehicle. The defendant told the deputy the defendant was “looking for some fun[,]” and the deputy asked the defendant, “What kind of fun you looking for?” The defendant asked the deputy if the deputy had any lubricant with him, the deputy answered he did not, and the deputy asked the defendant if he had any lubricant. The deputy got into the unmarked police vehicle and asked the defendant if he also wanted to enter the vehicle. The defendant got into the vehicle and engaged in conversation with the deputy. The deputy asked the defendant what the defendant liked, and the defendant answered, “penetration and sucking.” The defendant asked the deputy what they could get away with in the vehicle. Depu *75 ty Lubrano asked the defendant what he wanted to do. The defendant pulled down his pants, exposed his penis, touched himself, and twice asked if the deputy wanted to perform oral sex on him. Deputy Lu-brano signaled to his fellow officers and the defendant was arrested.
The audio tape was consistent with the police report and additionally reflected that the defendant questioned the deputy concerning whether or not the deputy had seen “anybody coming out of the woods.” The defendant laughed, stating, “that trips me out.” |4The deputy stated he liked sitting there because he could “see if anybody comes in[,]” and “ain’t nobody coming out the trees.” The defendant laughed, stating, “Nah, no, not yet.”
The obscenity statute is violated even when the public exposure is committed in a private home, yard, or car. See State v. Rodriguez, 98-2574 (La.App. 4th Cir.2/16/00), 753 So.2d 339 (affirming multiple obscenity convictions for defendant’s exposing his penis and masturbating in his vehicle on public roads); State v. Odom, 554 So.2d 1281 (La.App. 1st Cir.1989), writ granted and judgment modified on other grounds, 559 So.2d 1362 (La.1990) (affirming obscenity conviction for exposure committed at defendant’s bedroom window); State v. Magee, 517 So.2d 464 (La.App. 1st Cir.1987) (affirming obscenity conviction for exposure committed in defendant’s yard); see also State v. Baker, 97-2856 (La.App. 4th Cir.3/3/99), 729 So.2d 167 (affirming obscenity conviction for defendant’s masturbating partially in and partially out of pickup truck on a public road).
In the instant case, the defendant exposed his penis to Deputy Lubrano in an unmarked police vehicle at a public rest area. The defendant argues the vehicle was not open to the public view, because the police officers assisting Deputy Lubra-no had to be made aware of the exposure by the deputy’s signal.
Deputy Lubrano’s colleagues were forced to secret themselves to avoid detection by the defendant. They did not personally witness the defendant’s exposure. That fact does not, however, prevent the defendant’s exposure from having occurred in a place open to the public view. To the contrary, as noted by the trial court in its written reasons for judgment, the defendant and Deputy Lubrano joked about observations they made from inside the vehicle of outside surroundings. This evidence circumstantially established that observation of events occurring inside the vehicle from outside the vehicle could also have been made.
A thorough review of the record indicates the evidence presented herein, viewed in the light most favorable to the state, proved beyond a reasonable doubt and to the exclusion of every reasonable hypothesis of innocence, all of the elements of the offense of obscenity and the defendant’s identity as the perpetrator of that offense. Accordingly, this assignment of error is without merit.

\ ¿PATENT ERROR

In reviewing the record for patent error, pursuant to LSA-C.Cr.P. art. 920(2), we have discovered the record fails to reflect the defendant’s presence when judgment was rendered. See LSA-C.Cr.P. art. 831 A(6). Judgment was rendered in the trial court’s reasons for judgment filed in the record. However, in this case, the error does not require reversal of the conviction, because no substantial rights of the accused were affected by the trial court’s failure to render the judgment of conviction in the defendant’s presence. See LSA-C.Cr.P. art. 921. Jury polling was not an issue, because this was a bench trial. Motions for new trial and post-ver- *76 diet judgment of acquittal were timely filed by the defense. Further, prior to imposing sentence, in open court, in the presence of the defendant and his counsel, the court stated it had found the defendant guilty.
CONVICTION AND SENTENCE AFFIRMED.