**STATE of Iowa, Appellee,**

v.

**Robert E. HENDERSON, Appellant.**

No. 90–658.

Supreme Court of Iowa.

Dec. 24, 1991.

Linda Del Gallo, State Appellate Defender, and Patricia Reynolds Lapointe, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Richard J. Bennett, Asst. Atty. Gen., John P. Sarcone, County Atty., and Jamie Bowers, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, LAVORATO, and SNELL, JJ.

HARRIS, Justice.

There are two assignments of error in this appeal from defendant's conviction of possession of a simulated substance with intent to deliver. Iowa Code § 204.-401(1)(c) (Supp.1989). One challenges the statute as unconstitutionally vague. The other challenges the sufficiency of the evidence. We find no merit in either assignment and affirm.

Officers Jack Beardsley, Richard Hildreth, and Michael Robert Moody were conducting an undercover investigation. They wore plain clothes and were riding in an unmarked car. Officer Hildreth was driving with officer Beardsley in the front pas-senger seat. As the car approached an intersection the officers saw two men standing on the corner of the intersection. Officer Hildreth stopped the car.

One of the men on the corner, later identified as defendant Robert E. Henderson, pushed the other one away from the car and said something to the effect of: "This car is mine," or "I'll take care of this." Henderson asked officer Beardsley: "Are you looking?" Beardsley testified that, based on his experience, he understood Henderson's question as an invitation to purchase crack cocaine. Based on this understanding, Beardsley responded: "Yes, I am." Henderson then asked: "What do you need?" Beardsley replied: "Two-O," which the officer stated was slang in the area for twenty dollars worth of crack cocaine.

Henderson approached the car. Hildreth asked: "Do you have it on you?" Henderson responded: "Yes," and shook his hand up and down, which the officer testified is a gesture made to indicate that drugs are available for sale. At that point Henderson looked at Hildreth and recognized him. Henderson said: "I know you," yelled, and started to run.

As Henderson ran he crushed an object in his right hand, causing white powder to fall to the ground. He also threw an object into the grass. The powder was scraped into a plastic bag. The thrown object, which was a rock-like substance resembling crack cocaine, was retrieved and also placed into an evidence bag. A field test on this substance indicated it was cocaine. Henderson was arrested and brought to the police station. At the police station another officer saw something drop from a sock that Henderson was carrying. This object also resembled crack cocaine. It too was placed in an evidence bag. The three evidence bags were sent to a laboratory for analysis. Notwithstanding the field test, the materials proved not to be controlled substances.

Henderson had first been charged with possession of a controlled substance with intent to deliver. After receiving the labo-

ratory test results, the State was permitted to amend its trial information to charge Henderson with possession of a simulated controlled substance with intent to deliver in violation of Iowa Code section 204.-401(1)(c). A jury found him guilty.

On appeal Henderson first contends Iowa Code sections 204.101(27) (1989) (defining simulated controlled substances) and 204.-401(1)(c) (Supp.1989) (prohibiting the possession of a simulated controlled substance with intent to deliver) are unconstitutionally vague. Henderson also contends there is insufficient evidence to support his conviction.

I. We explored the scope of review for our consideration of vagueness challenges in some detail in *State v. Duncan,* 414 N.W.2d 91 (Iowa 1987). The challenger bears the heavy burden of establishing vagueness beyond a reasonable doubt. A statute will not be declared unconstitutionally vague if its meaning can be gleaned by reference to similar statutes, other cases, the dictionary, or common and generally accepted meanings of the words. *Id.* at 95. In order for a penal statute to withstand a vagueness challenge, the statute must: (1) give a person of ordinary intelligence fair notice of what is prohibited; and (2) provide an explicit standard for those who apply it. *Saadiq v. State,* 387 N.W.2d 315, 321 (Iowa 1986).

II. The vagueness challenge involves two Iowa statutes:

Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with the intent to manufacture or deliver, ... a simulated controlled substance....

. . . .

c. Violation of this subsection with respect to the following ... simulated controlled substances is a class "C" felony....

. . . .

(2) Less than 500 grams of the following:

. . . .

(b) [Simulated] [c]ocaine, its salts, optical and geometric isomers, and salts of its isomers.

Iowa Code § 204.401(1).

Iowa Code section 204.101(27) provides:

*"Simulated controlled substance"* means a substance which is not a controlled substance but which is expressly represented to be a controlled substance, or a substance which is not a controlled substance but which is impliedly represented to be a controlled substance and which because of its nature, packaging, or appearance would lead a reasonable person to believe it to be a controlled substance.

Henderson first claims the phrases "expressly represented" and "impliedly represented," contained in the definition of a simulated controlled substance, are void for vagueness. He thinks the phrases, through common usage, have become "so generalized as to encompass an infinite variety of behavioral patterns." He cites *State v. Kueny,* 215 N.W.2d 215, 218 (Iowa 1974). The statute construed in *Kueny* contained the words lewd, indecent and obscene, without definition. *Id.* at 217. We determined that because those words had become so generalized in meaning, they could not be used to proscribe conduct without also defining them. *Id.* Henderson says the word "represent" has no less than eleven definitions. This, he argues, makes the word so generalized as to become unconstitutionally vague.

We think not. The context in which the word is used in the statute makes it clear that it falls under the first listed definition: "[T]o bring clearly before the mind; to cause to be known, felt or apprehended...." Webster's Third New International Dictionary (Unabridged) 2114 (1966). To expressly represent a substance as a controlled substance a person must make the representation in direct or unmistakable terms. *See id.* at 899. To impliedly represent a substance as a controlled substance, a person need not directly make the representation. *See id.* at 1250. An implied representation may be inferred

from the circumstances, even when not expressly stated by words or signs. *See id.*

A reasonably intelligent person could ascertain the meaning of the phrases "expressly represented" and "impliedly represented." Hence the statute is not unconstitutionally vague under Henderson's first challenge. *State v. Duncan,* 414 N.W.2d at 95 (citing *State v. McKee,* 392 N.W.2d 493, 494 (Iowa 1986)).

■ III. Henderson's second vagueness challenge is addressed to language in section 204.101(27), which defines a simulated controlled substance. Henderson challenges the language defining a simulated controlled substance as a substance "which because of its nature, packaging, or appearance would lead a reasonable person to believe it to be a controlled substance." According to Henderson this language does not provide adequate guidance.

It must be remembered that the challenged language appears only as a part of the second definition of a simulated controlled substance. A substance is a simulated controlled substance if it is not a controlled substance and: (1) it is expressly represented as a controlled substance; or (2) it is impliedly represented as a controlled substance and, because of its nature, packaging or appearance, a reasonable person would believe the substance is a controlled substance. Iowa Code § 204.-101(27). There was evidence to support Henderson's conviction under either of the alternative definitions. Both were submitted to the jury.

The State contends we can pass Henderson's second vagueness challenge and affirm the conviction on the basis of the showing that Henderson expressly represented the material to be a controlled substance. We however have no way of knowing from the verdict which of the two definitions of a simulated controlled substance was applied by the jury. We thus conclude we must address Henderson's second vagueness challenge.

Henderson argues that more guidance is needed for determining whether "a reasonable person would believe a substance is a controlled substance." We think the legis-lature is not required, after listing the controlled substances, to list every possible item that could resemble them. We think enough guidance is given by listing the controlled substances.

Henderson argues that the definition includes a wide range of items that could be simulated controlled substances. This is especially true, he argues, for crack cocaine because many uncontrolled substances resemble it, such as baking soda, powdered sugar, or corn starch.

We do not believe the wide range of substances which might be used to simulate a controlled substance renders the definition vague. The legislature has also required, for a substance to fit within the second definition of a simulated controlled substance, that a person must have "impliedly represented" the substance to be a controlled substance. A substance that resembles a controlled substance will not, therefore, be considered a simulated controlled substance on that basis alone. The language Henderson challenges provides sufficient notice of the conduct that is prohibited and adequate guidelines to those who enforce it.

Other courts have rejected vagueness challenges to similar statutes. *See People v. Moore,* 674 P.2d 354, 359–60 (Colo.1984); *Glendon v. State,* 461 A.2d 1004, 1006 (Del. 1983); *State v. Pierre,* 500 So.2d 382, 384–85 (La.1987); Annotation, *Validity, Construction, and Effect of Statutes Regulating Sale of Counterfeit or Imitation Controlled Substances,* 84 A.L.R.4th 936, 951 (1991).

Henderson has failed to meet his heavy burden to show that Iowa Code sections 204.401(1)(c) and 204.101(27) are unconstitutionally vague.

■ IV. Henderson also challenges the sufficiency of the evidence to support his conviction. The elements of the offense are:

(1) the defendant knowingly possessed a substance that was not a controlled substance;

**630**

(2) the defendant possessed the substance with the specific intent to deliver it; and

(3) the defendant:

(a) expressly represented the substance as a controlled substance; or

(b) impliedly represented the substance as a controlled substance and the substance, because of its nature, packaging or appearance, would lead a reasonable person to believe it to be a controlled substance.

*See* Iowa Code §§ 204.101(27) and 204.-401(1)(c).

Henderson suggests the State should be required to prove he knew the substance he possessed was a simulated controlled substance. This element, he says, was lacking because he thought he possessed a controlled substance, not a simulated one. We have previously rejected this contention. A mistaken belief that a controlled substance is genuine will not provide a defense for a defendant charged with possessing a simulated controlled substance. *State v. Freeman*, 450 N.W.2d 826, 828 (Iowa 1990).

We reject Henderson's argument that there was insufficient evidence to establish the elements of the offense. There was ample evidence that the defendant possessed a substance and intended to deliver it. The conversation between defendant and the officers, including defendant's words and gestures, made out a case of both an expressed and an implied representation that it was a controlled substance under the statutory definition.

AFFIRMED.