# IN THE COURT OF APPEALS OF IOWA

No. 15-1696
Filed September 28, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DESHAUN LONTE TROMBONE,**
        Defendant-Appellant.
_____


Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell, Judge.

DeShaun Trombone appeals his convictions for child endangerment resulting in death and possession of a simulated controlled substance with the intent to deliver. **AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**


Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.


Considered by Vogel, P.J., and Potterfield, Doyle, Tabor, and Bower, JJ.

**BOWER, Judge.**

DeShaun Trombone appeals his convictions for child endangerment resulting in death and possession of a simulated controlled substance with the intent to deliver. Trombone claims his trial counsel was ineffective in failing to ensure there was a factual basis to support his guilty plea to possession of a simulated controlled substance with the intent to deliver, the district court erred in ordering $150,000 in restitution, and the court improperly assessed court costs for dismissed charges. We find Trombone's trial counsel provided ineffective assistance and remand Trombone's conviction for possession of a simulated controlled substance with the intent to deliver. We find the district court properly imposed restitution. We reverse and remand the district court's taxing of costs concerning the dismissed charges.

## I.    BACKGROUND FACTS AND PROCEEDINGS

According to the minutes of testimony, Des Moines Fire Department medics were dispatched to an apartment after Tionne Bloodsaw called 911 to report her daughter, J.C., was "blue, cold, and barely breathing." The medics retrieved the unresponsive child and brought her to the hospital, where she later died. Law enforcement officers were called to the hospital and then dispatched to the apartment. While investigating, the officers learned Tionne had been living in the apartment with two children, her cousin Audreana Bloodsaw, and the father of J.C., DeShaun Trombone. There was a no-contact order in place prohibiting Tionne from having contact with Trombone.

Upon obtaining consent from Tionne, the officers conducted a search of the apartment. After finding a foil wrapper on the floor containing cocaine, the

officers stopped the search to obtain a search warrant. The subsequent search of the apartment yielded multiple illicit substances, including marijuana, cocaine, tetramisole (a cutting agent for cocaine), alprazolam, morphine, hydrocodone, and caffeine pills that (according to the officers) looked like MDMA[1] pills. The officers learned Tionne and Trombone had been using and selling drugs. Consistent with this information, the officers found scales, blades, plates, and baggies, plus weapons and cash.

An autopsy was performed on J.C. A toxicology report revealed J.C. had died from acute morphine toxicity. A hair test conducted on J.C. was positive for cocaine. The medical examiner certified her manner of death as homicide.

On May 11, 2015, Trombone was charged with eleven criminal counts,[2] which (relevant to this appeal) included: child endangerment resulting in death, in violation of Iowa Code section 726.6(1)(a), (4) (2015), and possession of a simulated controlled substance (MDMA) with the intent to deliver, in violation of Iowa Code section 124.401(1)(c)(8). Trombone pled not guilty and waived his right to a speedy trial. The State and Trombone reached a plea agreement where, concerning the charges relevant to this appeal, Trombone would enter *Alford* pleas[3] to child endangerment resulting in death and possession of a

---

[1] Methylenedioxymethamphetamine is commonly known as ecstasy.

[2] Trombone was charged with: (I) child endangerment resulting in death, (II) possession of a controlled substance (cocaine salt hydrochloride) with intent to deliver, (III) possession of a simulated controlled substance (MDMA) with intent to deliver, (IV) manufacturing a controlled substance (crack-cocaine), (V) neglect of a dependent person, (VI) possession of a controlled substance (alprazolam) with intent to deliver, (VII) failure to possess a tax stamp, (VIII) felon in possession of a firearm, (IX) possession of a controlled substance (marijuana), (X) possession of a controlled substance (morphine), and (XI) possession of a controlled substance (hydrocodone).

[3] *North Carolina v. Alford*, 400 U.S. 25, 39 (1970). An *Alford* plea allows a defendant to plead guilty to a crime without admitting to the underlying facts that establish the crime.

simulated controlled substance (MDMA) with the intent to deliver. The plea agreement did not discuss the allocation of costs for the dismissed charges.[4] The district court found a factual basis existed for each charge, accepted the pleas, and imposed the sentences recommended by the plea agreement. The court ordered Trombone to make $150,000 in restitution to the victim's estate pursuant to Iowa Code section 910.3B(1), because of his guilty plea to the felony charge of child endangerment resulting in death. The court assessed costs for the dismissed charges to Trombone.

Trombone now appeals.

## II. STANDARD OF REVIEW

We review ineffective-assistance-of-counsel claims de novo. *State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010).

When a defendant attacks the constitutionality of a sentence, our review is de novo. *State v. Seats*, 865 N.W.2d 545, 553 (Iowa 2015). We review sentences for correction of errors at law when the defendant challenges the legality of a sentence on nonconstitutional grounds. *Id.*

## III. MERITS

Trombone claims his trial counsel was ineffective for failing to challenge the factual basis for his guilty plea to possession of a simulated controlled substance (MDMA) with the intent to deliver, the district court erred in ordering

---

"[W]hen a defendant enters an *Alford* plea, he . . . does not admit participation in the acts constituting the crime. Though the defendant does not admit guilt, he . . . may voluntarily . . . consent to the imposition of a sentence." *State v. Burgess*, 639 N.W.2d 564, 567 n.1 (Iowa 2001) (citation omitted).

[4] Pursuant to the plea agreement, the State agreed to dismiss counts VI, VII, IX, X, and XI, plus any enhancements.

$150,000 in restitution, and the court improperly assessed court costs for dismissed charges.

### A.    Factual Basis

"If an ineffective-assistance-of-counsel claim is raised on direct appeal from the criminal proceedings, we may decide the record is adequate to decide the claim or may choose to preserve the claim for postconviction proceedings." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). Upon our review of the record, we find the record adequate to address Trombone's ineffective-assistance-of-counsel claim. *See id.*

An ineffective-assistance-of-counsel claim requires a demonstration of both ineffective assistance and prejudice. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001) (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). Trombone must prove both the "essential duty" and "prejudice" elements by a preponderance of the evidence. *See Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). "Defense counsel violates an essential duty when counsel permits defendant to plead guilty and waive his right to file a motion in arrest of judgment when there is no factual basis to support defendant's guilty plea. Prejudice is presumed under these circumstances." *Ortiz*, 789 N.W.2d at 764–65 (citations omitted).

To satisfy the essential-duty prong, Trombone must demonstrate the record lacks a factual basis to support his guilty plea to possession of a simulated controlled substance (MDMA) with the intent to deliver. A factual basis for a guilty plea may be found from: (1) inquiry of the defendant, (2) inquiry of the prosecutor, (3) examination of the presentence report, and (4) minutes of

evidence. *Id.* at 768. "Moreover, we have held the record does not need to show the totality of evidence necessary to support a guilty conviction, but it need only demonstrate facts that support the offense." *Id.*

Iowa Code section 124.401 provides:

> 1.     Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with the intent to manufacture or deliver, a controlled substance, a counterfeit substance, or a simulated controlled substance, or to act with, enter into a common scheme or design with, or conspire with one or more other persons to manufacture, deliver, or possess with the intent to manufacture or deliver a controlled substance, a counterfeit substance, or a simulated controlled substance.
>
>         . . . .
>         c.     Violation of this subsection with respect to the following controlled substances, counterfeit substances, or simulated controlled substances is a class "C" felony . . . .

Trombone claims there is insufficient evidence to demonstrate he intended to distribute the caffeine pills as if they were MDMA. *See* Iowa Code § 124.401(1)(c)(8); *see also State v. Henderson*, 478 N.W.2d 626, 629–30 (Iowa 1991).

Upon our review, we find the record fails to establish a factual basis for Trombone's guilty plea to possession of a simulated controlled substance (MDMA) with the intent to deliver. The minutes of testimony show officers found eighty-one "multi-colored tablets" they initially thought were MDMA, but after testing, the pills were determined to be caffeine. Audreana noted Trombone, on occasion, had taken "small yellow pills and multi-colored pills." The record lacks any specific reference to Trombone selling the caffeine pills or representing the caffeine pills as MDMA.

We find Trombone's trial counsel breached his duty by allowing his client to plead guilty and waive his right to file a motion in arrest of judgment. Due to Trombone's trial counsel's breach, prejudice is presumed, and Trombone has carried his burden of proving his counsel provided ineffective assistance. *See Ortiz*, 789 N.W.2d at 764–65. We vacate this portion of his conviction and remand to the district court to allow the State to demonstrate whether a factual basis exists. *See State v. Schminkey*, 597 N.W.2d 785, 792 (Iowa 1999) ("Where . . . it is possible that a factual basis could be shown, it is more appropriate merely to vacate the sentence and remand for further proceedings to give the State an opportunity to establish a factual basis."). The State may supplement the record to establish a factual basis for the crime of possession of a simulated controlled substance (MDMA) with the intent to deliver. If the State cannot establish a factual basis for this charge, "we must put the State back in the position it was in before making the plea agreement," which would require the district court to vacate this charge. *See State v. Gines*, 844 N.W.2d 437, 442 (Iowa 2014). "[T]he State may reinstate any charges or sentencing enhancements dismissed from the . . . [trial] information in contemplation of the plea agreement, file any additional charges supported by the available evidence, and proceed against [Trombone] on all charges and sentencing enhancements contained in the" trial information, plus any new charges. *See id.*

B. **Restitution**

Trombone claims the district court entered an illegal sentence when it imposed a $150,000 minimum restitution against Trombone pursuant to Iowa Code section 910.3B(1).

Iowa Code section 910.3B(1) provides:

> In all criminal cases in which the offender is convicted of a felony in which the act or acts committed by the offender caused the death of another person, in addition to the amount determined to be payable and ordered to be paid to a victim for pecuniary damages, as defined under section 910.1, and determined under section 910.3, the court shall also order the offender to pay at least one hundred fifty thousand dollars in restitution to the victim's estate if the victim died testate. If the victim died intestate the court shall order the offender to pay the restitution to the victim's heirs at law as determined pursuant to section 633.210.

Concerning section 910.3B(1), the Iowa Supreme court has found:

> [T]he restitution award does not apply to all crimes resulting in the death of another. Rather, it applies only to felonious acts resulting in death. *See* Iowa Code § 910.3B(1). Although this includes involuntary manslaughter in violation of Iowa Code section 707.5, we have previously found recklessness remains a necessary element of proof in all involuntary manslaughter convictions. *See State v. Conner*, 292 N.W.2d 682, 686 (Iowa 1980). Thus, the restitution award under the statute could not be imposed in a case involving an unintentional or negligent offender. Instead, it is limited to an offender who has demonstrated a willful and wanton disregard for the rights of others in the commission of the crime. *See State v. Ayers*, 478 N.W.2d 606, 608 (Iowa 1991). Crimes committed with willful or wanton disregard for the rights of other persons are extremely serious.
> . . . .
> In order for this award to be imposed upon an individual, guilt beyond a reasonable doubt must be shown at trial, or a plea of guilty must be accepted for the underlying felonious offense. Additionally, the commission of the offense must have been the proximate cause of the victim's death. And finally, the defendant is afforded the opportunity for a hearing once the court issues the restitution order, at any time during the pendency of the order.

*State v. Izzolena*, 609 N.W.2d 541, 550–53 (Iowa 2000).

Our court has also addressed the application of section 910.3B(1). In *State v. Albertson*, Albertson (the defendant) offered the victim morphine pills while the victim was also consuming alcohol; the victim subsequently died. *State v. Albertson*, No. 02-1897, 2004 WL 239828, at *2 (Iowa Ct. App. Feb. 11, 2004).

Albertson pleaded guilty to three counts of delivery of a schedule II controlled substance. *Id.* at *1. Following a restitution hearing, the district court found Albertson caused the death of the victim, and therefore, the victim's estate was entitled to section 910.3B(1) restitution. *Id.* Our court found Albertson's act was the proximate cause of the victim's death and section 910.3B(1) restitution was properly imposed by the district court. *Id.* at *1–2.

Similarly, in *State v. McFarland*, McFarland (the defendant) was found to be "acting in concert" with others who caused the shooting death of the victim. No. 10-0936, 2011 WL 1781740, at *1–2 (Iowa Ct. App. May 11, 2011). McFarland claimed the district court illegally ordered him to pay section 910.3B(1) restitution jointly and severally with his codefendants because his acts were not the cause of the victim's death. *Id.* at *2. We found, "if McFarland had not taken the actions he in fact took," the victim would not have been killed—we upheld the district court's imposition of section 910.3B(1) restitution. *Id.* at *5.

Here, the State charged Trombone with child endangerment resulting in death, which required the State to prove Trombone committed, or aided and abetted, child endangerment by "knowingly act[ing] in a manner that created a substantial risk to" the child's "physical, mental, or emotional health or safety" that resulted in the child's death. Iowa Code §§ 726.6(1)(a), .6(4). Child endangerment resulting in death is a homicide offense. *State v. Fix*, 830 N.W.2d 744, 749 (Iowa Ct. App. 2013).

We find the district court properly imposed section 910.3B(1) restitution. First, Trombone was "convicted of a felony in which the act or acts committed by the offender caused the death of another person" by pleading guilty to child

endangerment resulting in death. *See* Iowa Code § 910.3B(1); *see also Fix*, 830 N.W.2d at 749 (finding child endangerment resulting in death is a homicide offense because it involves "one person putting another to death"). Second, Trombone's acts satisfy the causation requirement of section 910.3B(1). *See Izzolena*, 609 N.W.2d at 553 ("[T]he commission of the offense must have been the proximate cause of the victim's death."). Concerning the modern interpretation of causation, our supreme court has noted: "The conduct of a defendant is a 'factual cause of harm when the harm would not have occurred absent the conduct.' We have traditionally labeled this straightforward, factual cause requirement of causation the 'but for' test." *State v. Tribble*, 790 N.W.2d 121, 127 (Iowa 2010) (citations omitted). The minutes of testimony show there were ten morphine-derived pills found in a kitchen drawer—within easy reach of a child. Audreana was willing to testify Trombone was known to mix crushed pills in "7-Up" soda bottles. He would keep unfinished bottles in the refrigerator, and the "concoction usually really messed him up." Audreana also noted she had seen Trombone deal heroin. A factfinder could easily determine that "but for" Trombone's acts, the child would not have ingested morphine-derived drugs and died. Trombone's acts go beyond mere negligence—Trombone's acts evidence a "willful and wanton disregard for the rights of others in the commission of the crime." *Izzolena*, 609 N.W.2d at 550.

We find the court properly imposed restitution pursuant to Iowa Code section 910.3B(1).

### C.    Costs

Trombone claims the district court entered an illegal sentence by assessing costs against him for dismissed charges.  We agree.  We find Trombone is not responsible for the costs clearly attributable to the dismissed charges and should only be taxed court costs associated with the charges for which he was convicted.  *See State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991) (holding "the provisions of Iowa Code section 815.13 and section 910.2 clearly require, where the plea agreement is silent regarding the payment of fees and costs, that only such fees and costs attributable to the charge on which a criminal defendant is convicted should be recoverable under a restitution plan"); *see also State v. Goad*, No. 13–1319, 2014 WL 2885036, at *2 (Iowa Ct. App. June 25, 2014) (reversing court costs taxed by the district court on dismissed charges); State v. Johnson, No. 15-2101, 2016 WL 4802916, at *2 (Iowa Ct. App. Sept. 14, 2016) (holding costs clearly attributable to dismissed charges should be eliminated).

## IV.    CONCLUSION

We find Trombone's trial attorney provided ineffective assistance by failing to challenge the factual basis for his guilty plea to possession of a simulated controlled substance (MDMA) with the intent to deliver.  We vacate this part of his conviction and remand to the district court to allow the State to demonstrate whether a factual basis exists.  We find the district court properly imposed section 910.3B(1) restitution.  We reverse the district court's imposition of costs clearly attributable to the dismissed charges and remand "this case for further

proceedings to determine the appropriate amount of restitution consistent with this opinion." *See Petrie*, 478 N.W.2d at 622.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**