# IN THE COURT OF APPEALS OF IOWA

No. 17-1927
Filed December 19, 2018

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**SAMELLA SIMONE BAILEY,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Andrea J. Dryer (motion to dismiss) and David P. Odekirk (trial and sentencing), Judges.

The defendant appeals her conviction of delivering or possessing with the intent to deliver a simulated controlled substance as a second offender. **AFFIRMED.**

Eric W. Manning of Manning Law Office, PLLC, Urbandale, for appellant.

Thomas J. Miller, Attorney General, and Zachary C. Miller, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

An undercover law enforcement agent contacted Samella Simone Bailey about purchasing two ounces of crack cocaine. Bailey agreed to sell the agent crack cocaine for a specified price. The two met at a predetermined location, and Bailey handed the agent a bag of suspected crack cocaine. The substance was field tested and turned out not to be crack cocaine.

The State charged Bailey with delivery or possession with intent to deliver a simulated controlled substance (more than forty grams of simulated cocaine base) as a second offender. *See* Iowa Code §124.401(1)(a)(3) (2017).[1] The crime was a class "B" felony. Bailey moved to dismiss the charge on the ground the statute required an actual rather than simulated controlled substance and she should have been charged under section 124.401(1)(a)(8), which was a class "C" felony.[2] The district court denied the motion. Bailey waived her right to a jury trial, and the district court found her guilty on the minutes of testimony. The court sentenced Bailey to a prison term not exceeding twenty-five years, with a one-third mandatory minimum. On appeal, Bailey contends (1) the district court erred in denying her motion to dismiss and (2) the sentence was illegal.

*I.* *Motion to Dismiss*

Bailey argues the structure of chapter 124 together with its plain language required dismissal of the trial information. In her view, the chapter "generally defines the criminal activity," then "define[s] the punishments for varying

---

[1] The charge appears in an amended trial information.

[2] Effective July 1, 2017, section 124.401(1)(c)(8) was redesignated as section 124.401(1)(c)(9). *See* 2017 Iowa Acts ch. 145, § 4–10, 24–27. The previously-numbered sections are applicable to Bailey's conviction, because her offense predated the changes.

aggravating circumstances," and finally, "defines the penalty for a violation of the chapter without aggravating circumstances." She asserts all the penalty provisions except one require "an actual controlled substance." She contends the single exception is section 124.401(1)(c)(8), which carries a penalty assigned "without regard to . . . the existence of an actual controlled substance."

Bailey's argument is appealing at first blush. *See* Iowa Code §124.401. But it ignores key language in the provision under which she was charged:

> 1. Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with the intent to manufacture or deliver, *a controlled substance, a counterfeit substance, a simulated controlled substance, or an imitation controlled substance* . . . .
>     a. *Violation of this subsection, with respect to the following controlled substances, counterfeit substances, simulated controlled substances, or imitation controlled substances, is a class "B" felony,* . . . .
>         . . . .
>         (3) More than fifty grams of a mixture or substance described in subparagraph (2) which contains cocaine base.

*See* Iowa Code § 124.401(1)(a)(3) (emphasis added).[3] Because the introductory paragraph refers to a "simulated controlled subtance" as well as a "controlled substance," delivery or possession of simulated "cocaine base" would fall within the ambit of section 124.401(a)(3). The district court did not err in reaching this conclusion. *See State v. Childs*, 898 N.W.2d 177, 181 (Iowa 2017) (reviewing questions of statutory interpretation for errors of law).

Nor did the court err in rejecting Bailey's assertion that "the minutes as submitted [did] not amount to probable cause to support a criminal charge under Iowa Code section 124.401(1)(a)(3)." *See State v. Rimmer*, 877 N.W.2d 652, 660

---

[3] Effective May 12, 2017, section 124.401(1)(a)(3) substituted "two hundred" for "fifty." *See* Acts 2017 Iowa Acts ch. 122, § 7.

(Iowa 2016) ("We accept the facts alleged by the State in the trial information and attached minutes as true."). The facts as disclosed in the minutes of testimony satisfied the statutory definition of "simulated controlled substance":

> [A] substance which is not a controlled substance but which is expressly represented to be a controlled substance, or a substance which is not a controlled substance but which is impliedly represented to be a controlled substance and which because of its nature, packaging, or appearance would lead a reasonable person to believe it to be a controlled substance.

Iowa Code § 124.101(28)[4]; *cf. State v. Henderson*, 478 N.W.2d 626, 627–28 (Iowa 1991) (rejecting vagueness challenges to the definition). Bailey expressly represented to the undercover agent that she would be selling her crack cocaine. Testing revealed the substance she sold was not crack cocaine. Based on these facts, the State could charge Bailey under section 124.401(1)(a)(3). We affirm the district court's denial of the dismissal motion.

## II.    Sentencing

Bailey raises various challenges to her sentence. First, she contends the court should "reconsider the primacy of [*State v. Criswell*, 242 N.W.2d 259, 260 (Iowa 1976)] and overturn precedent." In *Criswell*, the court addressed "whether the trial court erred by imposing consecutive sentences upon convictions, of two separate offenses, obtained in a single prosecution, charged in a single information, and arising from the same criminal transaction." 242 N.W.2d at 260–61. Bailey appears to equate her enhancement for a prior conviction with "a separate offense . . . obtained in a single prosecution." *Id.* at 260. Our courts have

---

[4] The definition of "simulated controlled substance" is now redesignated as section 124.101(29). *See* 2017 Iowa Acts 2017 ch. 145, § 2.

treated them differently. *See State v. Gordon*, 732 N.W.2d 41, 44 (Iowa 2007) ("[H]abitual-offender status is not a separate offense; it is simply a sentencing enhancement." (citation omitted)); *State v. Hardin*, No. 00-1400, 2002 WL 663557, at *3 (Iowa Ct. App. Apr. 24, 2002) ("When a person is charged with an habitual offense, they are not being charged with a separate offense. Rather, the habitual offender statute only provides for enhanced punishment of the current offense." (citation omitted)); *cf. State v. Butler*, 706 N.W.2d 1, 5–6 (Iowa 2005) (addressing requirement of notice to defendant of enhanced charges). More fundamentally, we are not at liberty to overrule Iowa Supreme Court precedent, even if the precedent applies to the facts of the case. *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014).

Next, Bailey argues "[t]he District Court had the ability to find Ms. Bailey guilty of a lesser included offense, but failed to do so." She bases her contention on the fact she "was never found to have possessed any actual illegal substances." But, as discussed, the statute criminalizes possession or delivery of a "simulated controlled substance" to the same extent as an actual controlled substance.

Finally, Bailey argues her sentence amounted to cruel and unusual punishment under the United States Constitution. She cites the "25-year sentence with a minimum of one third to be served for a single act of selling a simulated substance with no traces of an illegal substance." Again, Bailey bases her challenge on her sale of fake rather than real cocaine.

To reiterate, Iowa Code section 124.401(1)(a)(3) sets forth the same penalty for sale of simulated and real cocaine base. The question we must decide is whether the sentence under section 124.401(1)(a)(3) amounts to cruel and

unusual punishment as applied to Bailey. *See State v. Wickes*, 910 N.W.2d 554, 572 (Iowa 2018). The threshold inquiry is "whether the sentence being reviewed is 'grossly disproportionate' to the underlying crime." *Id.* (citing *Solem v. Helm*, 463 U.S. 277, 290–91 (1983)). Under similar circumstances, the Iowa Court of Appeals found defendants' sentences did not violate this principle. *See State v. Daniels*, No. 14-1442, 2016 WL 5408279, at *3 (Iowa Ct. App. Sept. 28, 2016) (finding no high risk of gross disproportionality because "[c]ocaine trafficking is exactly what Iowa Code section 124.401(1)(a)(3) (2013) was designed to prevent, and the statute is precise in its application" and "[t]he cited section enhances the sentence based on large quantities precisely defined"); *State v. Daniels*, No. 14-1480, 2015 WL 9450636, at *11 (Iowa Ct. App. Dec. 23, 2015) (finding no gross disproportionality in a defendant's sentence where his "conduct [fell] squarely within the elements of possession of a controlled substance, to wit: more than 50 grams of cocaine base with intent to distribute"); *State v. Newell*, No. 13-1436, 2015 WL 566654, at *7 (Iowa Ct. App. Feb. 11, 2015) (finding a sentence under section 124.401(1)(a)(3) did not lead to an inference of gross disproportionality). The same is true here.

Bailey's sale of $3400 worth of a substance she represented to be crack cocaine fell squarely within the parameters of the narrowly defined statute. On our de novo review, we conclude the sentence was not grossly disproportionate to her offense. Accordingly, the sentence did not amount to cruel and unusual punishment.

We affirm Bailey's conviction, judgment, and sentence.

**AFFIRMED.**