## STATE V. STONECIPHER

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**PAUL STONECIPHER,**
**Defendant-Appellant.**

Docket No. A-1-CA-37703
COURT OF APPEALS OF NEW MEXICO
March 11, 2019

APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY, John Dean Jr., District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM, for Appellee.

Bennett J. Baur, Chief Public Defender, Kathleen T. Baldridge, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR: M. MONICA ZAMORA, Chief Judge, JACQUELINE R. MEDINA, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Defendant has appealed from a conviction for trafficking a controlled substance. We previously issued a notice of proposed summary disposition in which we proposed to uphold the conviction. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}**     Defendant has raised one issue, challenging the sufficiency of the evidence to support his conviction. [DS 4; MIO 1] As previously described, [CN 3-4] the State presented evidence that a law enforcement officer arranged a meeting with Defendant at a specified location for the purpose of purchasing methamphetamine. At that location Defendant participated in the contemplated drug transaction by negotiating the price, and Defendant ultimately took the money that the officer presented in exchange for the methamphetamine. [MIO 1-2, 4] This evidence provides adequate support for the jury's verdict. *See, e.g.*, *State v. Castleman*, 1993-NMCA-019, ¶¶ 2, 19, 116 N.M. 467, 863 P.2d 1088 (observing that the testimony of an undercover officer describing his purchase of a controlled substance from the defendant was sufficient to support a conviction for trafficking).

**{3}**     In his memorandum in opposition Defendant continues to argue that the State's evidence was insufficient to establish that he "caused the transfer" of the methamphetamine because no evidence was presented that he actually touched the substance, and because a woman was also present who participated in the transaction by weighing the substance and approving the negotiated price. [MIO 4] However, as we previously observed, [CN 4-5] neither of these considerations warrants a different result. Defendant's facilitation of the transaction is sufficient to establish that he "caused the transfer" of methamphetamine, such that is conviction is supported. *See, e.g., State v. Bankert*, 1994-NMSC-052, ¶¶ 18-31, 117 N.M. 614, 875 P.2d 370 (affirming a conviction for trafficking by possession with intent to distribute, even though the defendant "never touched the cocaine and was often not in the same room where the drug deal took place," based on the defendant's actions as facilitator, and further indicating that several people may simultaneously participate in a drug transaction, regardless of actual physical possession of the substance).

**{4}**     Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**JACQUELINE R. MEDINA, Judge**