This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**NO. A-1-CA-37610**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**GILBERT MACIAS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant appeals from his conviction, after a jury trial, of trafficking (by distribution), contrary to NMSA 1978, Section 30-31-20(A)(2) (2006). In this Court's notice of proposed disposition, we proposed summary affirmance. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In his memorandum in opposition, Defendant continues to argue that there was insufficient evidence to support his conviction. [MIO 3] Defendant has not asserted any

facts, law, or argument that persuade this Court that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{3}** Defendant's assertions rely on the State's lack of particular pieces of evidence. In his memorandum in opposition, as in his docketing statement, Defendant argues that the State did not present video surveillance evidence that showed the methamphetamine was exchanged for money. [MIO 1, 5; DS 2] We addressed this argument in our calendar notice. [CN 5] Again, it was for the jury to resolve any conflicts and determine weight and credibility in the testimony; we do not reweigh the evidence, and we may not substitute our judgment for that of the fact-finder, as long as there is sufficient evidence to support the verdict. *See State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156; *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482.

**{4}** This reasoning also applies to Defendant's additional argument that there was no recovery of the cash that the undercover officer gave Defendant. [MIO 1, 5] While that theoretical evidence might have further supported the State's case, Defendant has not shown that the absence of any such evidence was reversible error. As we discussed in our calendar notice [CN 3], the officer testified that he gave Defendant five hundred dollars in exchange for the methamphetamine, providing direct evidence of the trafficking. *See State v. Castleman*, 1993-NMCA-019, ¶¶ 2, 19, 116 N.M. 467, 863 P.2d 1088 (observing that the testimony of an undercover officer describing his purchase of a controlled substance from the defendant was sufficient to support a conviction for trafficking).

**{5}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's convictions.

**{6} IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**MEGAN P. DUFFY, Judge**